## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVID A. KOSTELEC, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| v. ) | Case No. 08-20126-CM |
| ) | 10-2014-CM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff ) | |
| _____) | |

### MEMORANDUM AND ORDER

The matter comes before the court on petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 13) and the government's Motion to Enforce Waiver of Collateral Attack (Doc. 18). Petitioner argues that he received ineffective assistance of counsel, which rendered his plea unknowing and involuntary. The government moves to enforce the waiver in the plea agreement and deny petitioner's motion. For the reasons set forth below, this court denies petitioner's § 2255 motion, and grants the government's motion.

### I.  Factual and Procedural Background

Beginning in July 2002 and ending October 2005, petitioner participated as a conspirator in a fraudulent scheme where he and other co-conspirators, using the identities of others without their consent, submitted false and fraudulent loan applications and property appraisals to banks in exchange for loan proceeds. Petitioner and co-conspirators utilized wire transmissions and the U.S. mail in order to submit the faulty loan applications and appraisal reports to the banks, and further engaged in monetary transactions concealing the nature, location and source of the proceeds of their scheme.

Petitioner signed a waiver of indictment, and pleaded guilty to four counts in an Information, charging him with the following violations: (1) 18 U.S.C. § 371, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1341 and money laundering in violation of 18 U.S.C. §§ 1956 and 1957, (2) 18 U.S.C. and 18 U.S.C. §§ 1343 and 2, wire fraud, (3) 18 U.S.C. §§ 1014 and 2, making false statements to influence a federally insured financial institution, and (4) 18 U.S.C. § 1028A, aggravated identity theft. This court sentenced petitioner to a total term of 130 months on Counts 1, 2 and 3, to run consecutively to a term of 24 months on Count 4 with a five (5) year term of supervised release.

Though petitioner did not file an appeal in this case, he timely filed this motion to collaterally attack his conviction and sentence.

## II. Legal Standard and Analysis

In *United States v. Hahn*, the Tenth Circuit established a three-pronged test for reviewing cases brought under 28 U.S.C. § 2255 after a petitioner has waived his right to collaterally attack aspects of his case: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as [defined] herein." 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d, 886, 890–92 (8th Cir. 2003)).

Petitioner argues that his motion should be granted under the following ineffective assistance of counsel claims: (1) Counsel never informed or misinformed petitioner of the nature of the counts as set forth in the Information; (2) Counsel misinformed petitioner about the sentence that could be imposed as to each count; and (3) Counsel failed to provide reasonable representation throughout the plea process in general. (Doc. 13, at 8–15.) The government moves to enforce the waiver provision

Petitioner signed a waiver of indictment, and pleaded guilty to four counts in an Information, charging him with the following violations: (1) 18 U.S.C. § 371, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1341 and money laundering in violation of 18 U.S.C. §§ 1956 and 1957, (2) 18 U.S.C. and 18 U.S.C. §§ 1343 and 2, wire fraud, (3) 18 U.S.C. §§ 1014 and 2, making false statements to influence a federally insured financial institution, and (4) 18 U.S.C. § 1028A, aggravated identity theft. This court sentenced petitioner to a total term of 130 months on Counts 1, 2 and 3, to run consecutively to a term of 24 months on Count 4 with a five (5) year term of supervised release.

Though petitioner did not file an appeal in this case, he timely filed this motion to collaterally attack his conviction and sentence.

## II. Legal Standard and Analysis

In *United States v. Hahn*, the Tenth Circuit established a three-pronged test for reviewing cases brought under 28 U.S.C. § 2255 after a petitioner has waived his right to collaterally attack aspects of his case: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as [defined] herein." 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d, 886, 890–92 (8th Cir. 2003)).

Petitioner argues that his motion should be granted under the following ineffective assistance of counsel claims: (1) Counsel never informed or misinformed petitioner of the nature of the counts as set forth in the Information; (2) Counsel misinformed petitioner about the sentence that could be imposed as to each count; and (3) Counsel failed to provide reasonable representation throughout the plea process in general. (Doc. 13, at 8–15.) The government moves to enforce the waiver provision

Petitioner signed a waiver of indictment, and pleaded guilty to four counts in an Information, charging him with the following violations: (1) 18 U.S.C. § 371, conspiracy to commit wire fraud in violation of 18 U.S.C. § 1341 and money laundering in violation of 18 U.S.C. §§ 1956 and 1957, (2) 18 U.S.C. and 18 U.S.C. §§ 1343 and 2, wire fraud, (3) 18 U.S.C. §§ 1014 and 2, making false statements to influence a federally insured financial institution, and (4) 18 U.S.C. § 1028A, aggravated identity theft. This court sentenced petitioner to a total term of 130 months on Counts 1, 2 and 3, to run consecutively to a term of 24 months on Count 4 with a five (5) year term of supervised release.

Though petitioner did not file an appeal in this case, he timely filed this motion to collaterally attack his conviction and sentence.

## II. Legal Standard and Analysis

In *United States v. Hahn*, the Tenth Circuit established a three-pronged test for reviewing cases brought under 28 U.S.C. § 2255 after a petitioner has waived his right to collaterally attack aspects of his case: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as [defined] herein." 359 F.3d 1315, 1325 (10th Cir. 2004) (citing *United States v. Andis*, 333 F.3d, 886, 890–92 (8th Cir. 2003)).

Petitioner argues that his motion should be granted under the following ineffective assistance of counsel claims: (1) Counsel never informed or misinformed petitioner of the nature of the counts as set forth in the Information; (2) Counsel misinformed petitioner about the sentence that could be imposed as to each count; and (3) Counsel failed to provide reasonable representation throughout the plea process in general. (Doc. 13, at 8–15.) The government moves to enforce the waiver provision

of petitioner's plea agreement, arguing that the issues fall within the scope of the plea waiver, and that it would not be a miscarriage of justice to enforce the plea waiver. (Doc. 18, at 22.) The government further argues that petitioner's conviction was not irregular and that petitioner fails to provide affidavits in support of his claims.

**A.      The Scope and Validity of the Waiver**

At the plea colloquy, petitioner asserted, under oath, that he was entering the plea knowingly, voluntarily and of his own free will; that no one had forced or threatened him to do so; that his counsel informed him of the charges and consequences of pleading guilty; and that he was satisfied with the advice and services of his attorney. (Doc. 15, at 5, 39–40.) He also stated that he had reviewed and understood the waiver of his right to appeal and collaterally attack his sentence and conviction, and indicated that he wanted to proceed, knowing he was waiving or giving up these rights. (*Id*. at 25–28.) Further, petitioner signed the plea agreement, in open court, which sets out the following in paragraph 10, entitled "Waiver of Appeal and Collateral Attack":

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release). The defendant is aware that Title 18 U.S.C., § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title

18, U.S.C. § 3742(a).

(Doc. 7, at 10–12.)

Relying on the record and the court's own independent recollection, *see United States v. Scully*, 798 F.2d 411, 412 (10th Cir. 1986) (providing that the district court may rely on its personal recollection, as long as it also reviews the record where available), the court finds that the factual circumstances surrounding the plea in this case serve as compelling evidence that the plea was voluntary. Because petitioner is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996), the evidence suggests that petitioner knowingly and voluntarily entered his plea.

### B.     Whether Enforcing the Waiver Would Result in a Miscarriage of Justice

Enforcing a waiver results in miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Petitioner bears the burden of showing that one of these factors is met. *United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004) (citation omitted). Petitioner has not provided evidence, nor does he argue, that the court relied on an impermissible factor such as race in these proceedings, or that the plea waiver was unlawful. Further, petitioner's sentence did not exceed the statutory maximum.

Under 28 U.S.C. § 2255, a motion for ineffective assistance of counsel is considered waivable unless the implication of miscarriage of justice is in connection with the negotiation of the waiver. *Hahn*, 359 F.3d at 1327; *see Cockerham*, 237 F.3d at 1187. The court applies the standard

identified in *Strickland*, when determining whether a habeas petitioner's counsel provided ineffective assistance rendering petitioner's plea unknowing and involuntary. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).

<u>Claims falling within the scope of the plea waiver</u>

The court need not address the standard identified in *Strickland* as to petitioner's first two claims of ineffective assistance of counsel because these arguments are considered waivable under *Hahn*. Petitioner claims that for each count, his counsel failed to inform, or misinformed him, of the following, rendering his plea unknowing and involuntary: (1) the overt acts necessary to satisfy each element of each count, arguing specifically (a) that his actions did not satisfy each of the elements, and (b) that because the sentences for Counts 1 and 2 run consecutively, they should be considered multiplicitous; and (2) the maximum sentence he could receive for each count, specifically the maximum term of supervised release.

Petitioner's claims contradict the evidence in the record, which clearly suggests that he was aware of the charges against him and the consequences of pleading guilty to the charges. Petitioner advised this court under oath during the plea hearing that his counsel did, in fact, explain the charges and consequences of his pleading guilty to Counts 1 through 4 of the Information, and that petitioner waived his right to bring these claims. Further, during the plea hearing, the court conducted the following inquiry with petitioner under oath:

> THE COURT: . . . Prior to our court appearance, again, I asked you, Mr. Kostelec, whether or not you had read those charges as they were set out in the information. Do you recall that?
>
> THE DEFENDANT: Yes.

| | |
|---|---|
| THE COURT: | An you indicated you had, is that correct? |
| THE DEFENDANT: | That's correct. |
| THE COURT: | Did Mr. Laurans also go over each one of those charges as they're set out in Counts 1, 2, 3, and 4 with you? |
| THE DEFENDANT: | Yes, he did. |
| THE COURT: | Did he inform you of what the nature of those charges were? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Did he also inform you of the consequences that could take place based on you entering a guilty plea to those charges? |
| THE DEFENDANT: | Yes, sir. |

(Doc. 15, at 9–10.)

Petitioner further argues that his counsel should have informed him that Counts 1 and 2 of the Information were multiplicitous because Count 1, the conspiracy charge, incorporates the elements of Count 2. "'Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior.'" *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (quoting *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997)). "Although multiplicity is not fatal to an indictment, *McCullough*, 457 F.3d at 1162 (internal quotation marks omitted), multiplicitous counts which may result in multiplicitous convictions are considered 'improper because they allow multiple punishments for a single criminal offense.'" *Id*. (quoting *United States v. Jenkins*, 313 F.3d 549, 557 (10th Cir. 2002)). It is well established that if a sentence is multiplicitous, then it violates the Double Jeopardy Clause. *United States v. Morris*, 247 F.3d 1080, 1083 n. 2 (10th Cir. 2001).

"The test [for multiplicity] is whether the individual acts [alleged in the counts at issue] are

prohibited, or the course of [conduct] which they constitute." *United States v. Campbell*, No. 07-10142-JTM, 2009 WL 2058744, at *6 (D. Kan. July 15, 2009) (quoting *United States v. Barrett,* 496 F.3d 1079 (10th Cir. 2007) ("discussing the test for multiplicity")). "If the former, then each act is punishable separately. If the latter, there can be but one penalty." *McCullough*, 457 F.3d, at 1162 (quoting *United States v. Graham*, 305 F.3d 1094, 1100 (10th Cir. 2002) (internal quotation marks omitted)). If the court finds that the counts are multiplicitous, then "the only remedy . . . is . . . to vacate one of the underlying convictions as well as the . . . sentence based upon it . . . ." *Rutledge v. United States*, 517 U.S. 292, 301–02 (1996).

The Tenth Circuit has held that a violation of the conspiracy statute is not multiciplitous to the commission of an underlying offense, and it does not violate the Double Jeopardy. *United States v. Groover*, 957 F.2d 796, 800 (10th Cir. 1992) (finding that no multiplicity exists when substantive offenses were charged in separate counts but incorporated into the conspiracy charge); *United States v. Johnson*, 977 F.2d 1360, 1371 (10th Cir. 1992) (holding that a conspiracy to commit charge and a commission of the substantive offense charge are separate crimes, and allowing imposition of separate sentences for each charge).

The court also informed defendant as to the maximum penalties and punishments defendant could receive as a result of pleading guilty.[1] (Doc. 15, at 14–16.) The court then inquired as to

---

[1] There is some confusion as to whether the information the court provided to petitioner during the plea hearing regarding the maximum term of supervised release as to Counts 2 and 3 of the Information was correct. Additionally, the information set out under the penalties section of the Information regarding the maximum term of supervised release as to Count 3 is incorrect. During the plea hearing, the court informed petitioner that the maximum term of supervised release for Count 2 would be no more than three (3) years, despite the fact that the Information stated the maximum term of supervised release was "NMT 3 years supervised release (five (5) years if financial institution affected)." (Doc. 1, at 8.) The Information also lists the maximum term of
(continued...)

-7-

whether petitioner understood the possible penalties and punishments for Counts 1 through 4, and whether petitioner still wanted to plead guilty, to which petitioner answered that he did. Because petitioner's arguments contradict the evidence in the record and petitioner's "solemn declarations in court" under oath, the court finds that he has failed to meet his burden under *Hahn* and *Anderson*, and therefore, enforcing the waiver would not result in a miscarriage of justice as to these two claims. *Lasiter*, 89 F.3d at 703–04.

Claims falling outside of the scope of the plea waiver

Next, petitioner argues that his counsel was ineffective during the plea process for failure to: (1) investigate the case further, or file discovery motions on petitioner's behalf, (2) properly inform petitioner regarding the consequences of his cooperation with the government, specifically, that he received no benefit for his cooperation, (3) appear at government cooperation sessions with petitioner and advise him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1996), and (4) inform petitioner that he could have pleaded without a plea agreement in order to protect his appeal rights. Because the court applies the standard identified in *Strickland*, when determining whether a habeas petitioner's counsel provided ineffective assistance during the negotiation of the waiver, the court addresses this claim under *Strickland*. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir.

---

[1] (...continued)
supervised release for Count 3 to be "NMT three (3) years supervised release," however, the maximum penalty is actually not more than five (5) years. Despite the confusion, because petitioner informed the court that he had reviewed the Information with counsel, the court finds that he was sufficiently informed as to at least one count with a possible term of supervised release of no more than five (5) years. And because the court ordered the term of supervised release for each count to run concurrently with all other counts, the error in the penalties section under Count 3 in the Information, and the misinformation given to petitioner by the court as to both Counts 2 and 3, can be considered harmless. The court finds that petitioner received sufficient notice that he could have received a maximum term of five (5) years supervised release.

2002) (applying *Strickland*).

Under *Strickland*, a petitioner bears the burden of demonstrating that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. In order to demonstrate prejudice, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Petitioner fails to provide sufficient evidence to prove that his counsel was ineffective during the plea process, and that by following his attorney's advice, the case was prejudiced. Petitioner makes general statements regarding what his counsel should have done in order to obtain a better sentencing outcome. A conclusory allegation that counsel was ineffective is insufficient to warrant habeas relief, even when a defendant proceeds *pro se*. *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). "A *pro se* litigant is not relieved of his burden to allege sufficient facts on which a recognized claim may be based." *United States v. Riccardi*, No. 06-3278-JWL, 02-20060-01-JWL, 2007 WL 852360, at *4 (D. Kan. Mar. 16, 2007) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

First, petitioner does not indicate what specifically his counsel should have investigated prior

to the plea hearing, and which motions he believes his counsel should have filed on his behalf which might have had a positive effect on the outcome of the case. Next, although he argues that his counsel advised him to cooperate with the government, he fails to provide evidence that he did not derive some benefit of the bargain from that cooperation. In fact, petitioner received the following two adjustments for acceptance of responsibility as set forth under section five of the plea agreement: (1) a two (2) level reduction under U.S.S.G. § 3E1.1(a), and (2) a one (1) level reduction in sentencing based on his acceptance of responsibility as recommended by the government. (Doc. 7, at 7.) This resulted in a reduction in the total sentencing range from 140 to 175 months to 130 to 162 months for Counts 1 through 3. The government also recommended a controlling sentence, which the court imposed, at the low end of the sentencing guideline range. The government's recommendations resulted in a sentence reduction of 40 months less than petitioner would have received had he not provided cooperation.

Petitioner further suggests that he was not advised of his *Miranda* rights during cooperation sessions with the government, and that his counsel was not present for some of the sessions. However, petitioner does not show how he was harmed by failing to have his attorney present with him during the cooperation sessions, and by his alleged failure to be advised of his *Miranda* rights. *United States v. Carrasco*, 54 F. App'x 299, 301 (10th Cir. 2002) (finding that although petitioner argued his counsel refused to attend a debriefing session with the government, his argument failed for lack of showing of specific instances where counsel's performance adversely affected the outcome of petitioner's case). Additionally, petitioner has failed to prove that his statements during the cooperation sessions with the government were used against him in further prosecution.

Petitioner's final argument, that his counsel failed to advise him that he could plead without a plea agreement in order to retain his right to appeal the conviction, fails as well. Had petitioner

-10-

pleaded without the benefit of a plea agreement, he would not have received the benefit of the government's sentencing recommendations. He has not met his burden under *Strickland* on this claim, failing to prove his counsel was ineffective rendering his plea unknowing and involuntary.

After reviewing the record in its entirety, the court finds that petitioner's plea waiver was knowing and voluntary and that it would be not be a miscarriage of justice for this court to enforce the waiver provision of his plea agreement. Therefore, the court denies petitioner's motion and grants the government's motion.

The record before the court conclusively shows that petitioner is not entitled to relief. Accordingly, no evidentiary hearing is required. *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (holding that no hearing is required where factual matters raised by a § 2255 petition may be resolved on the record).

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 13) is denied.

**IT IS FURTHER ORDERED** that the government's Motion for Enforcement of the Waiver in the Plea Agreement (Doc. 18) is granted.

**IT IS THEREFORE ORDERED** that a Certificate of Appealability is denied as to petitioner's § 2255 motion.

Dated this 4th day of May, 2010, at Kansas City, Kansas.

                                              **s/ Carlos Murguia**
                                              **CARLOS MURGUIA**
                                              **United States District Judge**